IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| JESSE E. PHILLIPS, | § | Case No. 03-39526-hdh-7 |
| | § | |
| Debtor, | § | |
| | § | |
| _____ | | |
| | § | |
| | § | |
| JESSE E. PHILLIPS, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-754-L |
| | § | |
| GREEN TREE SERVICING, LLC, f/k/a | § | |
| CONSECO FINANCE SERVICING CORP., | § | |
| | § | |
| Appellee. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is an appeal from the Order on Motion of [Green Tree] Servicing, [LLC] to Lift Stay, issued March 3, 2005 by the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the Order on Motion of [Green Tree] Servicing, [LLC] to Lift Stay.

**I.    Background**

In this bankruptcy appeal, the court reviews a final order lifting the automatic stay.[1]  The court must decide whether the bankruptcy court abused its discretion in lifting the automatic stay,

---

[1] A bankruptcy court's granting relief from an automatic stay is a final and appealable order. *In re Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997).

**Memorandum Opinion and Order - Page 1**

thereby authorizing Green Tree to take all legal steps necessary to sell a manufactured home through a judicial foreclosure sale.

Appellant Jesse E. Phillips ("Appellant" or "Phillips") purchased a 1997 Oak Creek Manufactured Home, Serial No. OC05979435A/B. On April 10, 2000, he signed a contract giving Conseco Finance Servicing Corporation (now Green Tree) a security interest in the home in exchange for financing. Green Tree subsequently perfected its security interest. After the home was delivered to Phillips, Hunt County, Texas "red tagged" it. Tr. of Feb. 9, 2005 Hr'g at 7. According to Phillips, Hunt County owned the home because it had perfected tax liens on the home against its previous owners. *Id.* After the home was "red tagged," Phillips notified Green Tree that he believed the contract was procured by fraud, and ceased making payments.

Phillips filed a Chapter 7 voluntary petition on September 19, 2003. On November 26, 2003, Green Tree filed its Motion to Lift Automatic Stay, contending, among other things, that the home was not adequately protected. Phillips filed his response on January 18, 2005 and requested the bankruptcy court to maintain the stay so that he could proceed with sanctions against various persons.

On February 9, 2005, the bankruptcy court conducted a hearing. Phillips, who was represented by counsel, testified that he, as of the hearing date, was the only person claiming a lien or ownership interest in the home. Further, he stated that he had filed three liens against the home, including a lien for alleged fees incurred while storing it on his property. Phillips requested the bankruptcy court to include in its order a statement that lifting the stay would not affect any state court rights he might have regarding lien enforcement. Upon hearing the evidence, the bankruptcy court made oral findings of fact and conclusions of law:

**Memorandum Opinion and Order - Page 2**

> [O]n this record, [Green Tree] has shown that it holds a perfected security interest in the collateral that it seeks. The evidence shows that the collateral is worth less than the debt. And there have been no payments since at least 2001. Therefore, the interests of [Green Tree] are not adequately protected. The automatic stay will be lifted. The lifting of the stay does not address or determine any lien priority which will be determined by another [c]ourt.

Tr. of Feb. 9, 2005 Hr'g at 11.

Phillips, proceeding *pro se*, filed a Notice of Appeal on February 23, 2005.[2] On March 2, 2005, the bankruptcy court conducted a status conference hearing concerning the motion to lift stay. At the hearing, Phillips submitted additional materials he called a "brief." At the conclusion of the hearing, the bankruptcy court stated, "Well, what I'll do is look at the set of materials that Mr. Phillips has brought, along with my notes from our last hearing, and then I'll do my own order." Tr. of Mar. 2, 2005 Hr'g at 10. The next day, on March 3, 2005, the bankruptcy court issued its written final order:

> It is therefore **ORDERED** that the Automatic Stay is hereby terminated insofar as it restrains Green Tree from proceeding with taking all legal steps necessary to obtain possession of, foreclose upon, and hold for sale and otherwise dispose of the following described property: 1997 Oak Creek Manufactured Home, Serial No. OC05979435A/B.
> It is **FURTHER ORDERED** that this Order does not determine any lien priority between the parties and that the ten-day stay period otherwise imposed by [Bankruptcy Rule] 4001(3) shall not be applicable to this Order.

Order (Appellee's Ex. 4) at 1-2 (bold in original). Phillips filed a document titled "Amendment to Appeal of Lifting Stay and Establishing Lien Priority" on March 15, 2005.

---

[2] Bankruptcy Rule 8002 states that a notice of appeal filed after the announcement of a decision but before entry of the order is deemed filed on the date the order issues. Because Phillips filed his notice of appeal after the announcement made at the February 9, 2005 hearing, but before entry of the order lifting stay, the court treats his notice as being filed March 3, 2005, when the bankruptcy court entered the order lifting stay. *See* Bankruptcy Rule 8002.

**Memorandum Opinion and Order - Page 3**

## II.   Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal; "conclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*." *In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000), *cert. denied*, 531 U.S. 871 (2000); *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Mixed questions of fact and law, and questions concerning the application of law to the facts, are reviewed *de novo*."). A bankruptcy court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *Id.*; *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992).

## III.   Analysis

### A.   Applicable Law and Contentions of the Parties

Section 362 of the Bankruptcy Code provides for an automatic, but not permanent, stay against "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3); *In re Mirant Corp.*, ___ F.3d ___, No. 04-11264, 2006 WL 330121, at *10 (5th Cir. Feb. 13, 2006). A creditor wishing to seize property for lack of adequate protection must seek relief from the bankruptcy court by obtaining a lift of the stay; the creditor cannot seize property, then force the debtor to vindicate his rights after the seizure. *See* 11 U.S.C. § 362(d), (e); Bankruptcy Rule 4001; *In re Chesnut*, 422 F.3d 298, 304 (5th Cir. 2005). Bankruptcy courts enjoy broad discretion in deciding whether to lift the automatic stay. *In re Chesnut*, 422 F.3d at 303. An order lifting the stay is reviewed for abuse of discretion. *In re Mendoza*, 111 F.3d 1264, 1266 (5th Cir. 1997); *In re Allen*, 122 Fed. Appx. 96,

97 (5th Cir. 2004). The court must thus decide whether the bankruptcy court abused its discretion in lifting the automatic stay.

Phillips asserts the bankruptcy court abused its discretion by lifting the automatic stay because it: (1) failed to find that the contract executed by the parties was fraudulent or otherwise void; (2) failed to admit into evidence, or otherwise adequately consider, the materials he submitted at the March 2, 2005 hearing; and (3) failed to uphold the stay pending disposition of this appeal and *Phillips v. Green Tree Servicing LLC*, Case No. 03-3908-hdh, an adversary proceeding in the United States Bankruptcy Court for the Northern District of Texas. Green Tree contends that the bankruptcy court correctly determined that Green Tree showed "cause" for relief; namely, that its interest in the home lacked adequate protection.[3]

### B.     The Bankruptcy Court Did not Abuse Its Discretion by Lifting the Stay

To determine whether an abuse of discretion occurred, the court examines whether the bankruptcy court justifiably lifted the automatic stay because of inadequate protection of Green Tree's interest in the home. A party may seek relief from the stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). In other words, the continuation of the automatic stay depends upon whether a secured creditor's interest in property is adequately protected. *See In re Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004). The bankruptcy court heard evidence that Phillips stopped making payments in August 2001; that $70,677 was owed on the home; and that its fair market value was $31,000. It stated in open court that the collateral

---

[3] Phillips filed his operative brief, titled "Appellant[']s Answer to Appellee's Amended Brief," on July 19, 2005, after Green Tree filed its operative brief, titled "Appellee Green Tree Servicing, LLC's Amended Brief," on July 7, 2005. Green Tree has not addressed or countered Phillip's arguments that the bankruptcy court abused its discretion by (1) failing to admit into evidence, or otherwise adequately consider, the materials he submitted at the March 2, 2005 hearing; and (2) failing to uphold the stay pending disposition of this appeal and the adversary proceeding.

**Memorandum Opinion and Order - Page 5**

was worth less than the debt, and that Green Tree, a secured creditor, was not receiving payments to compensate for the home's decrease in value. Accordingly, the court determines these facts constitute an adequate basis for the bankruptcy court finding "cause" for lifting the stay because of a lack of adequate protection.

Nothing in section 362(d) expressly limits secured creditors who seek only to foreclose upon specific property from obtaining relief from the automatic stay. *Delta Sav*s. *& Loan Ass'n v. IRS*, 847 F.2d 248, 250 (5th Cir. 1988); *In re Timbers of Inwood Forest Assocs, Ltd*., 793 F.2d 1380, 1388 (5th Cir. 1986). The bankruptcy court faced a narrow issue: whether it should lift the stay. It determined that Green Tree's interest was not adequately protected, and lifted the stay, thereby enabling Green Tree to proceed with any legal action, including foreclosure and sale of the property, it might have in state court as to these matters.

Phillips's argument that the contract was procured or induced by fraud is unavailing, as it has no bearing upon whether the bankruptcy court should have lifted the automatic stay. As stated previously, adequate protection is the pivotal issue. The order lifting stay in no way prevented Phillips from contesting any legal action Green Tree instituted against him, or from taking legal action on his own. Simply put, if Phillips believed that the contract was fraudulently made or induced, he could have raised, or can raise, the issue in the appropriate forum. *Cf. Buddy Gregg Motor Homes*, *Inc. v. Motor Vehicle Bd. of the Tex. Dep't of Transp*., 179 S.W.3d 589, 618 (Tex. App.–Austin 2005, no pet.) (explaining "a contract induced by fraud is voidable, not void, and will be avoided only if the complaining party proves it has the right to avoid the contract").

**Memorandum Opinion and Order - Page 6**

The court determines that the bankruptcy court had an adequate basis for lifting the automatic stay because of a lack of adequate protection of Green Tree's interest in the home. Accordingly, the bankruptcy court did not abuse its discretion in lifting the stay.

### C. The Bankruptcy Court did not Abuse Its Discretion Concerning the Materials Phillips Offered at the March 2, 2005 Hearing

In support of his contention that the bankruptcy court abused its discretion by lifting the automatic stay, Phillips asserts that the bankruptcy court erred by failing to admit into evidence, or otherwise adequately consider, the materials he submitted at the March 2, 2005 hearing.[4] The bankruptcy court accepted the materials from Phillips, and stated that it would "look at this set of materials that Mr. Phillips has brought," and that "[i]t's going to take me a day or so to read these materials." Tr. of Mar. 2, 2005 Hr'g at 10-11. The clerk's certification of appellate record, filed April 18, 2005, states, "The record of Appellant, beginning at Volume 2, p. 28, through Volume 3, p. 127, consists of documents that were not designated or are part of the official bankruptcy court file." *See* Trans. & Cert. of Rec. on Appeal at 1.

Bankruptcy Rule 8006 "does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." *In re CPDC*, *Inc*., 337 F.3d 436, 443 (5th Cir. 2003). A bankruptcy court's evidentiary rulings are reviewed for abuse of

---

[4]Phillips submitted a packet of materials he called a "brief." Green Tree objected, arguing the bankruptcy court made its decision to lift stay at the February 9, 2005 hearing. The materials include, among other things, lien documents; an August 8, 2003 letter from Phillips to Green Tree asserting that the contract was fraudulently entered; and two undated letters from Phillips to Green Tree notifying Green Tree that he placed liens, including a storage lien, on the home. Phillips did not designate the materials pursuant to Bankruptcy Rule 8006. They are contained in "Volume 3" of the court's record, however, along with an attached note to the bankruptcy clerk stating, "Decided that these documents were not doing me any good if I am the only person that sees them or knows about them. Please file them and send me notice of filing." R. on Appeal, Vol. 3 at 4. In his brief on appeal, Phillips states that the "brief" he submitted at the March 2, 2005 hearing "was not admitted into evidence when given to [the bankruptcy court]." Appellant's Br. at 2.

**Memorandum Opinion and Order - Page 7**

discretion. *In re SGSM Acquisition Co.*, ___ F.3d ___, Nos. 05-30445, 05-30455, 2006 WL 267186, at *5 (5th Cir. Feb. 6, 2006) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002)).

For purposes of its review, the court determines that whether the materials were never admitted into evidence, or were part of the record but inadequately considered, is of no moment. If the bankruptcy court never admitted the materials, nothing indicates that it based its decision on an erroneous view of the law or a clearly erroneous assessment of evidence. *See id.* at *5-6; *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.), *cert denied*, 540 U.S. 825 (2003). Because the bankruptcy court stated that it would "look at" the materials, however, this court must assume that the bankruptcy court considered them, at least to determine their relevance. The bankruptcy court stated that its "notes [from the February 9, 2005 hearing] seem to say that these kinds of things that Mr. Phillips is raising this afternoon are preserved . . . as we know, all I can do is say whether there's a stay or not a stay . . . ." Tr. of Mar. 2, 2005 Hr'g at 9. Apparently, the bankruptcy court considered the materials irrelevant to its decision whether to lift the stay, and the court cannot say that this was an abuse of discretion. The bottom line is that even if the bankruptcy court erred in not admitting the materials, which the court does not believe it did, such decision cannot be said to affect Phillips's substantial rights, since the materials addressed the parties' priority issues, and the bankruptcy court made clear that its order lifting the stay "[did] not determine any lien priority between the parties." Order at 2; *see Bocanagra*, 320 F.3d at 584.

### D. The Bankruptcy Court did not Abuse Its Discretion by Declining to Uphold the Stay Pending Disposition of This Appeal and the Adversary Proceeding

Finally, Phillips asserts that the bankruptcy court abused its discretion by lifting the stay pending disposition of this appeal and the adversary proceeding. The order lifting stay did not prevent Phillips from seeking a stay pending disposition of this appeal or the adversary proceeding.

**Memorandum Opinion and Order - Page 8**

*See* Bankruptcy Rules 7062, 8005.[5] A party seeking a stay or other relief, however, must ordinarily present such motion before the bankruptcy court. Bankruptcy Rule 8005; *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001). Phillips did not request the bankruptcy court to stay its final order, and he has set forth no reason why he could not have first sought relief before the bankruptcy court. When it is incumbent upon a party to seek relief, and he fails to do so, he cannot later use that failure as grounds for asserting that the bankruptcy court abused its discretion.

Alternatively, assuming that the issue of stay has been properly raised, Phillips has not convinced this court that a stay should be granted, or that a stay by the bankruptcy court would have been warranted. In deciding whether to grant a discretionary stay pending appeal, a court considers: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether granting the stay would substantially harm the other parties; and (4) whether granting the stay would serve the public interest. *Arnold*, 278 F.3d at 438; *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *In re Tex. Equip. Co., Inc.*, 283 B.R. 222, 226-27 (N.D. Tex. 2002). Based upon the dearth of evidence in the record, the court is simply unable to determine whether Phillips could have presented a "substantial case" in the adversary proceeding, much less whether he had a "likelihood of success on the merits." *Arnold*, 278 F.3d at 438.[6] Accordingly, the bankruptcy court did not abuse its discretion by lifting the stay pending disposition of this appeal or the adversary proceeding.

---

[5]Bankruptcy Rule 7062 applies Fed. R. Civ. P. 62 to adversary proceedings. Bankruptcy Rule 8005 provides a bankruptcy judge discretion to "suspend or order the continuation of other proceedings . . . or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Bankruptcy Rule 8005.

[6]The only documents Phillips designated relating to the adversary proceeding are (1) a motion for removal; (2) a response to a motion to dismiss; and (3) an answer and counterclaim, which was attached to the response to the motion to dismiss. *See* R. on Appeal, Vol. 2. at 17-27, 60-64. Neither party has supplemented the record on appeal, and the court is "left in the dark" concerning the merits of the adversary proceeding.

**Memorandum Opinion and Order - Page 9**

**IV.    Conclusion**

For the reasons stated herein, the court concludes that the bankruptcy court did not abuse its discretion in lifting the automatic stay.  Accordingly, the court **affirms** the Order on Motion of [Green Tree] Servicing, [LLC] to Lift Stay, issued March 3, 2005; and **dismisses** Phillips's appeal. The clerk is hereby directed to prepare, sign, and enter the judgment pursuant to Bankruptcy Rule 8016.  All reasonable and allowable costs of appeal are to be taxed against Appellant Jesse E. Phillips.

**It is so ordered** this 22nd day of March, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge